## ROBERTS *v.* TARVER.

PLEADING. *Action. Plea.* At common law, in an action of *quare clausum fregit*, the defendant might justify under the plea of *liberum tenementum*, and this is not changed by our statutes in reference to forcible entry and detainer.

### FROM UNION.

Appeal in error from the Circuit Court of Union county. J. H. RANDOLPH, J.

HOUK & GIBSON for Roberts.

HENDERSON for Tarver.

McFARLAND, J., delivered the opinion of the court.

Sarah Tarver commenced this action before a justice of the peace, to recover damages for a trespass alleged to have been committed upon her land by the defendants entering and removing a fence on or near the dividing line between them. She had judgment in the Circuit Court. The defendant moved for a new trial, and appealed in error.

The proof as to the precise location of the dividing line was in conflict. The defendant's proof was to the effect that the fence had been washed down by a freshet and put up by the plaintiff or her servants over upon defendant's land, and that he simply removed the fence back to where it formerly stood at or near the line, but still on his own land; while

the plaintiff's proof was, that the fence was removed and set over upon her land.

The charge of the Circuit Judge was to the effect that if the plaintiff was in possession of the land the defendant would be guilty of the trespass complained of, although the jury might believe that the land was the land of the defendant; that he could not thus justify the trespass, but must recover possession by proceeding at law.

There can be no doubt that in action of trespass *quare clausum fregit* at common law, the defendant may justify under the plea of *liberum tenementum*, which is a plea in confession and avoidance, admitting the trespass upon the plaintiff's possession, but justifying it by showing the freehold and right of entry in himself,—and thus the question of title is put in issue. This we take to be familiar law. We are of opinion this is not changed by our statutes in reference to forcible entry and detainer. These statutes do give a party who has been forcibly dispossessed the right to regain the possession by that form of action, without regard to the question of title; but we are of opinion that the plaintiff's rights in an action of trespass are not enlarged, or the defendant's rights abridged, by the statutes. If the plaintiff, in such case, choose to resort to an action of trespass, the defendant may, in a proper case, justify as before, under the plea of *liberum tenementum.*

We are referred to the case of *Chas. Seymour, in error,* v. *Eliza Howard,* MSS., opinion by Judge Sneed, as supporting a contrary doctrine. This opinion dis-

Roberts *v.* Tarver.

cusses several questions, but it was not held to be an action of trespass *quare clausum fregit,* nor was there a plea of *liberum tenementum,* as the opinion shows that the defendant attempted to justify under the *general* plea of not guilty. The cause was really decided upon the ground that the plaintiff's term as tenant had not expired when she was forcibly dispossessed.

We hold that the Circuit Judge erred in the present case, and the judgment will be reversed and a new trial granted.